UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

AARON A. JOHNSON-OWEN,
individually and on behalf                                  Collective Action
of all those similarly situated,

          Plaintiff,

vs.

JP CYCLES, INC. d/b/a Seminole Power
Sports and LONGWOOD LINCOLN-
MERCURY, INC. d/b/a Parks Lincoln
of Longwood,

          Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, AARON A. JOHNSON-OWEN ("Mr. Owen"), filing a representative action on behalf of himself and all similarly situated employees for violations of the Fair Labor Standards Act ("FLSA") against the Defendant, JP CYCLES, INC. d/b/a Seminole Power Sports ("JP Cycles") in Count I, filing an individual claim for violations of the FLSA against JP Cycles in Count II, an individual claim for interference pursuant to the Family Medical Leave Act ("FMLA") in Count III against the Defendant, JP CYCLES, INC. d/b/a Seminole Power Sports ("JP Cycles") and Defendant LONGWOOD LINCOLN- MERCURY, INC. d/b/a Parks

1

Lincoln of Longwood, ("Parks Lincoln"), and an induvial claim for retaliation pursuant to the Family Medical Leave Act ("FMLA") in Count IV against the Defendant, JP CYCLES, INC. d/b/a Seminole Power Sports ("JP Cycles") and Defendant LONGWOOD LINCOLN- MERCURY, INC. d/b/a Parks Lincoln of Longwood, ("Parks Lincoln"), and states as follows:

## I. INTRODUCTION

1. The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect "to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J).

2. JP Cycle utilized its unequal bargaining power to render defenseless Mr. Owen, individually and all other similarly situated employees, against the denial of the living wage they are entitled to receive and protected by 29 U.S.C. § 207.

3. The FMLA was enacted to promote the stability and economic security of families; and to promote our national interest in preserving the integrity of the family. *See* 29 U.S.C. 2601(b)(1).

4. To further advance these congressional purposes, the FMLA creates two types of claims: (1) interference claims, in which it is asserted that the employer denied or otherwise interfered with the employees' rights under the FMLA and (2) retaliation claims, in which it is asserted an employer discriminated against the employee because he engaged in activity protected under the FMLA.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## III. FACTUAL ALLEGATIONS ABOUT THE PARTIES

7. Mr. Owen was an employee of JP Cycles within the meaning of the FLSA.

8. Mr. Owen was an employee of JP Cycles within the meaning of the FMLA.

9. Mr. Owen was employed as a Service Advisor by JP Cycles from approximately January 2019 until February 27, 2020.

10. Mr. Owen worked 1,250 hours during the twelve months preceding his termination.

11. As a Service Advisor, Mr. Owen was paid a salary and a monthly

bonus.

12. As a Service Advisor, Mr. Owen's job duties included, but were not limited to, consulting with the customers of JP Cycles regarding their servicing needs.

13. JP Cycle maintains and operates two location. One in Sanford, Florida and the other located in Eustis, Florida.

14. JP Cycle is in the business of selling and servicing motorcycles, all-terrain vehicles, and personal watercraft.

15. Mr. Owen performed work for JC Cycles at its facility in Sanford Florida.

16. At all times relevant to his employment, Mr. Owen regularly used the instrumentalities of interstate commerce while performing his work. At all times relevant to his employment, Mr. Owen also regularly used the channels of commerce while performing his work.

17. JP Cycle is an "employer" as defined by 29 U.S.C. § 203(d).

18. JP Cycle has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where Mr. Owen performed work.

19. JP Cycles has employed two or more persons, including Mr. Owen, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or

4

materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

20.     Mr. Owen avers upon information and belief that at all times relevant to the violations of the Fair Labor Standards Act, JP Cycles was an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

21.     JP Cycles and Parks Lincoln are integrated employers for the purpose of the FMLA.

22.     Mr. Owen avers upon information and belief that JP Cycles and Parks Lincoln have common management.

23.     Mr. Owen avers upon information and belief that JP Cycles and Parks Lincoln have common ownership.

24.     JP Cycles and Parks Lincoln share Mr. Stephen R. Parks and Greg A. Corless as Officers[1] as reported to Florida's Division of Corporations.

25.     Based upon information and belief, JP Cycles and Parks Lincoln have interrelation between operations.

26.     JP Cycles and Parks Lincoln have the same mailing address as reported to Florida's Division of Corporations- P.O. Box 522255, Longwood, Florida.

---

[1] JP Cycles has one additional Officer- Mr. Kirby J. Mullins.

27. JP Cycles' fictitious name, Seminole Powersports, has the same mailing address as Parks Lincoln as reported to Florida's Division of Corporations- P.O. Box 522255, Longwood, Florida.

28. JP Cycles and Parks Lincoln have the same registered agent.

29. Mr. Owen avers upon information and belief that JP Cycles and Parks Lincoln have centralized control of employee relations and benefits.

30. The employees of JP Cycles and Parks Lincoln have the same employee benefits.

31. The employees of JP Cycles and Parks Lincoln are afforded the opportunity to join the same retirement plan- Parks Motor Group 401(k) Plan.

32. The Parks Motor Group 401(k) Plan covers all full-time employees of JP Cycles and Parks Lincoln.

33. Mr. Owen avers upon information and belief that the employees of JP Cycles and Parks Lincoln are afforded the opportunity to obtain the same group short-term disability insurance from American Fidelity.

34. Mr. Owen avers upon information and belief that the employees of JP Cycles and Parks Lincoln are afforded the opportunity to obtain the same group "accident only insurance" from American Fidelity.

35. Mr. Owen avers upon information and belief the employees of JP Cycles and Parks Lincoln are afforded the opportunity to obtain the same group whole life insurance from American Fidelity

36. Mr. Owen avers upon information and belief that JP Cycles and Parks Lincoln employ 50 or more employees within a 75-mile radius.

37. Mr. Owen has retained LaBar & Adams, P.A. to represent him and the similarly situated individuals in this matter and has agreed to pay said firm a reasonable attorney's fee and costs for its services.

### IV. ADDITIONAL FACTUAL ALLEGATIONS

38. JP Cycles is in the business of selling and servicing motorcycles, all-terrain vehicles, and personal watercraft.

39. At all times relevant to the violation of the FLSA, JP Cycles was an enterprise engaged in commerce or in the production of goods for commerce.

40. Mr. Owen performed work at JP Cycles at its facility in Sanford Florida.

41. As a Service Advisor, Mr. Owen's job duties included, but were not limited to, consulting with the customers of JP Cycles regarding their servicing needs.

42. The job duties of all Service Advisors at JP Cycles included, but were not limited to, consulting with the customers of JP Cycles regarding

7

their servicing needs.

43. Throughout his employment, Mr. Owen worked numerous workweeks where his hours exceeded forty but he was not paid time-and-a-half for each overtime hour worked.

44. Mr. Owen worked numerous weeks in which he was not paid time-and-a-half for each overtime hour worked because JP Cycles had misclassified Mr. Owen as an employee exempt from the FLSA.

45. Mr. Owen, as well as similarly situated Service Advisors, worked numerous weeks in which they were not paid time-and-a-half for each overtime hour worked because JP Cycles misclassified their position as exempt from the FLSA.

46. JP Cycles had knowledge that Mr. Owen as well as other similarly situated Service Advisors, were working overtime without proper compensation. JP Cycles failed to make a good faith effort to determine if Mr. Owen and similarly situated Service Advisors were compensated appropriately pursuant to the FLSA.

47. JP Cycles failed to maintain and keep accurate time records of Mr. Owen and the similarly situated Service Advisors as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

48. JP Cycles also failed to post the required notice pursuant to the Fair Labor Standards Act.

49. JP Cycles also failed to post the required notice pursuant to the Family Medical Leave Act.

50. Mr. Owen advised JP Cycles that he suffered from diabetes at the beginning of his employment.

51. Mr. Owen's supervisor, Mr. Chris Elder, was aware he suffered from diabetes.

52. Diabetes effects the endocrine system.

53. Mr. Owen's diabetes had been treated by insulin while employed by JP Cycles.

54. Mr. Owen treats and manages his diabetes also by controlling his dietary intake.

55. Mr. Owen received continuing treatment by a healthcare provider for his diabetes.

56. In February 2020, Mr. Owen took time-off to attend his Grandfather's funeral in West Virginia. JP Cycles approved this time-off.

57. On or about February 20, 2020, Mr. Owen began his return from the funeral.

58. Mr. Owen's diabetes commenced to make him sick during his return travels.

59. By that evening in Sanford, Florida, Mr. Owen went to the hospital.

60. At that time, Mr. Owen advised his supervisor, Mr. Chris Elder, that he was going to the hospital for his diabetes since he was to return to work the next day.

61. Mr. Elder acknowledged Mr. Owen's trip to the hospital and requested to be kept in the loop.

62. Mr. Owen complied with Mr. Elder's request to be updated regarding being hospitalized.

63. Even though JP Cycles was aware that Mr. Owen's absence may be FMLA qualifying, it failed to notify him of his eligibility to take FMLA leave.

64. On or about February 20, 2020, Mr. Owen was admitted into the hospital because of his diabetes and for concern of his kidneys.

65. At the time of Mr. Owen's admittance to the hospital he was taking insulin for his diabetes.

66. Mr. Owen was discharged from the hospital six days later on February 26, 2020.

67. On February 27, 2020, Mr. Owen returned to JP Cycles at which time JP Cycles fired Mr. Owen.

## V. COLLECTIVE ACTION ALLEGATIONS

68. Mr. Owen brings Count I of his action on behalf of himself and on behalf of all similarly situated Service Advisors. Specifically, Mr. Owen brings the aggregate claim under the Fair Labor Standards Act as a collective action, and will request the Court to grant conditional certification under 29 U.S.C. § 216(b).

69. Mr. Owen, will seek certification of all employees of JP Cycles who (1) are or were employed by JP Cycles as Service Advisors during the preceding three years; (2) were misclassified as exempt from the FLSA; and (3) worked more than forty hours in a work week without being paid proper overtime compensation.

70. While working for JP Cycles, Mr. Owen and the similarly situated Service Advisors, were subject to JP Cycles' pattern and standard practice of misclassifying Service Advisors and denying proper overtime compensation to its service advisors.

### COUNT I
### MR. OWEN'S COLLECTIVE ACTION AGAINST JP CYCLES FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

71. Mr. Owen, on behalf of himself and all similarly situated Service Advisors, re-alleges and incorporates herein the allegations contained in paragraphs 1,2,5-7,9,11,12-20,37-48,68-70 above.

11

72. Throughout the employment of the Mr. Owen and all other similarly situated Service Advisers, the Defendant, JP Cycles, repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Mr. Owen and all other similarly situated Service Advisors, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

73. Specifically, Mr. Owen, and all other similarly-situated "Service Advisors," worked numerous weeks throughout their employment in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

74. JP Cycles classified Mr. Owen, and all Service Advisors as exempt from the FLSA.

75. JP Cycles failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

76. JP Cycles failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Mr. Owen on behalf of himself and similarly situated Service Advisors, demand judgment against JP Cycles for the following:

(a) Unpaid overtime wages found to be due and owing;

  (b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

  (c) Prejudgment interest;

  (d) Reasonable attorney's fee and costs; and,

  (e) Such other relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Mr. Owen, on behalf of himself and all similarly situated Service Advisors, demands a jury trial on all issues contained in Count I.

### COUNT II
### MR. OWEN'S INDIVIDUAL CLAIM AGAINST JP CYCLES FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

77. Mr. Owen, re-alleges and incorporates herein the allegations contained in paragraphs 1,2,5-7,9,11,12-20,37-48 above.

78. Mr. Owen was employed as a Service Advisor by JP Cycles from approximately January 2019 until February 27, 2020.

79. From approximately January 2019 until February 27, 2020, JP Cycles repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Mr. Owen at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours. Specifically, Mr. Owen worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all

work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

80. JP Cycles classified Mr. Owen, and all Service Advisors, as exempt from the FLSA.

81. JP Cycles willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

82. JP Cycles failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Mr. Owen demands a judgment against JP Cycles for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Mr. Owen demands a jury trial on all issues contained in Count II.

## COUNT III
## MR. OWEN'S INDIVIDUAL CLAIM AGAINST
## JP CYCLES AND PARKS LINCOLN FOR VIOLATIONS OF
## THE FAMILY MEDICAL LEAVE ACT-INTERFERENCE

83. Mr. Owen, re-alleges and incorporates herein the allegations contained in paragraphs 3-6,8-15,21-38,40-42,49-67 above.

84. JP Cycles and Parks Lincoln are integrated employers for the purpose of the FMLA.

85. Mr. Owen worked 1,250 hours during the twelve months preceding his termination.

86. Mr. Owen has a serious health condition that made him unable to perform the functions of his position.

87. On or about February 20, 2020, Mr. Owen advised Mr. Chris Elder that he was going to the hospital for his diabetes.

88. Mr. Owen advised Mr. Elder that he was hospitalized for his diabetes and for concern of his kidneys.

89. Even though JP Cycles was aware that Mr. Owen's absence may be FMLA qualifying, it failed to notify him of his eligibility to take FMLA leave.

90. JP Cycles never inquired further of Mr. Owen if his hospital stay was potentially FMLA qualifying.

91. JP Cycles interfered with Mr. Owen's FMLA rights by failing to restore him to the position of Service Advisor upon his return from his FMLA qualifying hospital stay.

92. Mr. Owen has been damaged and prejudiced by JP Cycles interference with his FMLA rights.

WHEREFORE, Mr. Owen demands a judgment against JP Cycles and Parks Lincoln for the following:

A. lost wages, salary, bouses, employment benefits, and other compensation;

B. all actual monetary losses sustained by Mr. Owen as a direct result of JP Cycle and Parks Lincoln's violation;

C. liquidated damages;

D. front pay;

D. interest;

E. reasonable attorney's fees, reasonable expert witness fees, and other costs of the action;

F. Award Mr. Owen such other and further relief as is just and proper.

## COUNT IV
## MR. OWEN'S INDIVIDUAL CLAIM AGAINST
## JP CYCLES AND PARKS LINCOLN FOR VIOLATIONS OF
## THE FAMILY MEDICAL LEAVE ACT-RETALIATION

93. Mr. Owen, re-alleges and incorporates herein the allegations contained in paragraphs 3-6,8-15,21-38,40-42,49-67 above.

94. JP Cycles and Parks Lincoln are integrated employers for the purpose of the FMLA.

95. Mr. Owen worked 1,250 hours during the twelve months preceding his termination.

96. Mr. Owen has a serious health condition that made him unable to perform the functions of his position.

97. On or about February 20, 2020, Mr. Owen advised Mr. Chris Elder that he was going to the hospital for his diabetes.

98. On or about February 20, 2020, Mr. Owen was admitted into the hospital because of his diabetes and for concern of his kidneys.

99. Mr. Owen advised Mr. Elder that he was hospitalized for his diabetes and for concern of his kidneys.

100. Even though JP Cycles was aware that Mr. Owen's absence may be FMLA qualifying, it failed to notify him of his eligibility to take FMLA leave.

101. Mr. Owens hospital stay qualified for FMLA leave.

102. Mr. Owen was discharged from the hospital six days later on February 26, 2020.

103. On February 27, 2020, Mr. Owen returned to JP Cycles at which time JP Cycles fired Mr. Owen.

104. A motivating factor in JP Cycles terminating Mr. Owen was Mr. Owen providing notice to JP Cycles that he was going to the hospital and being hospitalized.

105. A motivating factor in JP Cycles terminating Mr. Owen was his FMLA qualifying hospital stay.

106. A negative factor considered by JP Cycles in terminating Mr. Owen was him providing notice to JP Cycles that he was going to the hospital and being hospitalized.

107. A negative factor considered by JP Cycles in terminating Mr. Owen was FMLA qualifying leave.

108. JP Cycles would not have terminated Mr. Owen, but for Mr. Owen providing notice to JP Cycles that he was going to the hospital and being hospitalized.

109. JP Cycles would not have terminated Mr. Owen, but for Mr. Owen's FMLA qualifying hospital stay.

WHEREFORE, Mr. Owen demands a judgment against JP Cycles and Parks Lincoln for the following:

A. lost wages, salary, bouses, employment benefits, and other compensation;

B. all actual monetary losses sustained by Mr. Owen as a direct result of JP Cycle and Parks Lincoln's violation;

C. liquidated damages;

D. front pay;

D. interest;

E. reasonable attorney's fees, reasonable expert witness fees, and other costs of the action;

F. Award Mr. Owen such other and further relief as is just and proper.

Dated: 10/26/2020

Respectfully submitted,

_____
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)